IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Northern Division)

```
ESTATE OF EMANUEL DAVID JOSHUA OATES)
c/o SHAMAIAH MANRIQUEZ, PERSONAL    )
REPRESENTATIVE                      )
2501 Pico Boulevard #328            )
Santa Monica, California 90405      )
                                    )
                                    )
SERVE:                              )
    RICHARD L. ADAMS, III, ESQUIRE  )
    O'BYRNE LAW, LLC                )
    30 E. Padonia Road Suite 306    )
    Timonium, Maryland 21093        )
    Resident Agent for the Estate   )
                                    )
            Plaintiff               )
                                    )
        v                           )
                                    )
OFFICER FIRST CLASS SANDS           )
Woodlawn Precinct                   )
6424 Windsor Mill Road              )
Gwynn Oak, Maryland 21207           )
                                    )
            And                     )
                                    )
OFFICER FIRST CLASS WAUGH           )
Woodlawn District                   )
6424 Windsor Mill Road              )
Gwynn Oak, Maryland 21207           )
                                    )
            Defendants              )
```

<u>COMPLAINT</u>

Plaintiff, Estate of Emanuel David Joshua Oates, through

its personal representative, Shamaiah Manriquez, and through

counsel, hereby files this suit against Defendants Officer First

Class Sands, and Officer First Class Waugh, pursuant to Title 42

U.S.C. Section 1983 and the Fourth Amendment to the United

States Constitution and states as follows:

**Facts Common to All Counts**

1.   Federal jurisdiction exists in this case as the Complaint asserts an original federal cause of action under Title 42 U.S.C. Section 1983.

2.   Venue is proper in Maryland as Maryland was the location where all events alleged in the Complaint occurred.

3.   Plaintiff substantially complied with the Local Government Tort Claims Act, though such compliance is unnecessary in an action such as this one which asserts only claims under Title 42 U.S.C. Section 1983 and the Fourth Amendment to the United States Constitution.

4.   On or about February 19, 2019, Officer Sands and Waugh were both performing their police duties under color of state law within the course and scope of their employment with the Baltimore County Police Department.

5.   At the same time, Emanuel David Joshua Oates had left a store and was walking along a nearby street when approached by various officers from the Baltimore County Police Department including the Defendants.

6.   One of the officers attempted upon seeing Mr. Oates a Terry stop on the basis of reasonable, articulable suspicion that Mr. Oates had been involved in shoplifting at the store he

just left.

7.  When Mr. Oates encountered the officer, he showed a receipt and attempted to keep walking.

8.  At that point, officers attempted a Terry stop which frightened Mr. Oates, who then ran.

9.  During all of the events alleged in this Complaint, Mr. Oates was under severe, mental disturbance and strain from pre-existing psychological issues.

10.  The Baltimore County Officers, including the Defendants chased Mr. Oates as he ran towards the Aldi Food Market at Liberty Court Shopping Center.

11.  Mr. Oates then ran into the Aldi and was quickly cornered by at least four officers, including both Defendants Waugh and Sand.

12.  Upon cornering Mr. Oates, all four police officers drew their firearms, and no effort was made to distance or otherwise dissuade Mr. Oates from resisting being taken into custody through the use of nonlethal methods such as tasering, pepper spray, batons, and other non-lethal methods.

13. While cornered in Aldi, Mr. Oates made several statements regarding his own religious belief and prayed out loud in front of the officers.

14.  As Mr. Oates slowly started walking toward the store's

door, which brought him closer to one of the officers, while still out of the range in which Mr. Oates would be able to initiate physical contact with the Officers, he was shot dead by one or both of the Defendants.

15.  Under the totality of the circumstances the officers used excessive force in violation of 42 U.S.C. Section 1983 and the Fourth Amendment, as it was objectively unreasonable to attempt to subdue Mr. Oates through firearms only when nonlethal methods for securing his compliance were available including but not limited to tasering, use of pepper spray, use of batons, and waiting for backup with psychological or medical training to attempt to de-escalate the situation.

**COUNT I.**
**Officer Waugh - 42 U.S.C. Section 1983**
**Fourth Amendment - Excessive Force**

The Plaintiff adopts and incorporates each and every allegation above as if fully stated herein.

16.  Defendant Officer First Class Waugh engaged in activities that violated Plaintiff's rights as protected under the Fourth Amendment, specifically by using objectively unreasonable force in shooting Mr. Oates to death.

17.  By the actions detailed herein, including, but not limited to: using excessive force, Defendant Waugh deprived

Plaintiff of his rights under the Constitution including, but
not limited to, freedom from excessive force; freedom from
deprivation of liberty without due process of law; freedom from
abusive power by law enforcement officers; and freedom from
summary punishment.

18.   Plaintiff has a right to be from the use of excessive
and unnecessary physical force to his person by the police.
This right was denied Plaintiff when Defendant Officer First
Class Waugh knowingly used greater force than was objectively
reasonable and necessary under the circumstances in effectuating
what would have been an arrest for a minor misdemeanor charge
that was in dispute given the fact that Mr. Oates had a receipt
for merchandise from the store he allegedly took things from.
This right was further denied when Officer First Class Waugh
shot Mr. Oates under circumstances where Mr. Oates did not pose
a physical threat to any person, was easily capable of being
subdued using nonlethal force such as pepper spray, and tasering
and was otherwise in a state of acute mental distress which
could have been alleviated by calling medical personnel to the
scene to attempt to de-escalate it.

19.   The Plaintiff has a protected property and liberty
interest in his freedom, his ability to exercise free will and
domain of his person, his ability to be free from unlawful and

unwelcome abuse and attack by police, and his ability to live
his life without summary punishment and abuse.

20.  Defendant Waugh deprived Mr. Oates of numerous
protected property and liberty interest protected by the Fourth
Amendment to the United States Constitution, all while acting
under color of State law and in the course and scope of his
employment with Baltimore County as a police officer.
Plaintiff's rights were denied when Defendant officers refused
to use appropriate force to obtain compliance with their orders
and instead shot Mr. Oates to death.

21.  The Plaintiff was afforded less process than was due
under the law by Defendant Waugh in depriving him of the rights
stated above.

22.  By the actions detailed above, Defendant Waugh
deprived Plaintiff of his constitutional rights, including, but
not limited to, freedom from abuse of power by those acting
under color of state law and authority, freedom from excessive
force by those acting under color of state law and authority.

23.  At all times relative hereto, Defendant Waugh acted
under color of state law and in a manner that was not
objectively reasonable. Defendant Waugh had a duty to insure
that he used solely the amount of force necessary to effectuate
an arrest or Terry stop if probable cause existed for such

actions.

24.   Defendant Waugh was deliberately indifferent to
Plaintiff's safety and rights.

25.   As a direct and proximate result of the aforesaid
conduct, actions and inactions of Defendant Waugh, Plaintiff was
caused to suffer permanent physical injuries leading to death,
mental anguish, humiliation, loss of enjoyment of life,
inability to perform and do normal activities, economic damages
including, but not limited to, past and future medical bills and
expenses, past and future lost time and wages, past and future
earning capacity, all to the great detriment of the Plaintiff.

Wherefore, demands judgment against Defendant Waugh in the
amount of $5,000,000.00.

**COUNT II.**
**(Shamaiah Manriquez v. Officer Waugh)**
**Wrongful Death**

The Plaintiff, Shamaiah Manriquez, adopts and incorporates
by reference the allegations in all the aforementioned
paragraphs.

26.   Shamaiah Manriquez is the sister of Emanuel Oates, and
therefore is a proper wrongful death beneficiary under the
Maryland Code.

27. At all times relevant Officer Waugh was employed by the
Baltimore County as a police officer, and acted under color of

State law and within the course and scope of his employment.

28.  Officer Waugh deprived Mr. Oates of his life by using excessive and objectively unreasonable force by shooting him when non-lethal methods were both called for and reasonably available.

29.  Officer Waugh deprived Mr. Shand of his rights with actual or implied malice, using excessive force resulting in Mr. Oates being shot to death.  This excessive force violated Mr. Oates' rights under the Fourth Amendment to the United States Constitution.

30.  At the time Mr. Oates was shot he did not pose a realistic danger to the safety of anyone around him, and was in fact in a state of emotional disturbance which could have been easily calmed given the right tactics, procedures or a call to the medical unit.

31.  No objectively reasonable person in a position of Officer Waugh could have perceived that Mr. Oates was a realistic danger to anyone.

32.  The shooting of Mr. Oates was not privileged or otherwise justified and constituted the use of excessive force.

33.  As a result of Mr. Oates' wrongful death, Shamaiah Manriquez has sustained pecuniary loss, economic damages and loss, emotional and mental pain and anguish, pain and suffering,

loss of society, loss of companionship, loss of comfort, loss of protection, loss of attention, loss of life, loss of counsel, loss of training, loss of guidance, loss of education and loss of the company of a loved one.

34.  This complaint is timely filed within three years after the death of Mr. Oates pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

Wherefore, Shamaiah Manriquez prays for judgment against Defendant Waugh, in the amount of $5,000,000.00.

## COUNT III.
### (Estate OF Shamaiah Manriquez v. Officer Waugh)
### Survival Action

Plaintiff adopts and incorporates by reference, all the above allegations as if fully stated herein.

35. Shamaiah Manriquez is a personal representative of the Estate of Emanuel Oates, having been duly appointed by the Register of Wills in Prince George's County, Maryland.

36.  Shamaiah Manriquez as personal representative of the Estate of Emanuel Oates, brings a survival action pursuant to Section 7-401 of the Estates and Trust Article of the Annotated Code of Maryland and brings claim for the conscious pain, suffering, anguish, reasonable and necessary medical expenses,

inconvenience and discomfort, the amount of money that Plaintiff's decedent would have accumulated over the normal expected life time, and other economic and non-economic expenses, losses and damages sustained by Plaintiff's decedent, as allowed, under the Maryland Survival Statute.

37.   As a direct and proximate result of the negligent, gross and negligent and objectively excessive forceful actions of the defendant as set forth in the paragraphs above for which Mr. Oates would have been able to maintain an action against defendant had he lived, Ms. Manriquez brings claim in his name under the survival statute.

38.   At all relevant times, Officer Waugh was employed by the Baltimore County as a police officer and acted under color of State law and within the course and scope of his employment.

39.   Officer Waugh deprived Mr. Oates of his life by using excessive and objectively unreasonable force in shooting Mr. Oates under circumstances that did not justify that level of force.

40.   At the time he was shot by Officer Waugh, Mr. Oates did not pose a threat to any person around him.

41.   The shooting of Mr. Oates was not privileged or otherwise justified and constituted excessive force by Officer Waugh acting under color of State law.

42.  As an actual and proximate result of the above wrongful acts, Plaintiff is entitled to:

a) decedent's emotional and physical pain and suffering;

b) decedent's total estimated future earning power less his estimated costs of personal maintenance in support as beneficiary;

c) decedent's loss of retirement or Social Security income;

d) decedent's other financial losses suffered as a result of his death;

e) decedent's loss of pleasure and enjoyment of life;

f) such other damages as are recoverable in a survival action.

43.  Emanuel Oates sustained all of the above mentioned losses as a direct and proximate result of Defendant Waugh's use of excessive force in violation of the Fourth Amendment of the United States Constitution. An actual and proximate result of Defendant's use of excessive force, Emanuel Oates lost his life.

Wherefore, the Estate of Emanuel Oates, through its personal representative, prays for judgment against Defendant City of Hyattsville in the amount of $5,000,000.

**COUNT IV.**
**Officer Sands - 42 U.S.C. Section 1983**
**Fourth Amendment - Excessive Force**

The Plaintiff adopts and incorporates each and every allegation above as if fully stated herein.

44.  Defendant Officer First Class Sands engaged in activities that violated Plaintiff's rights as protected under the Fourth Amendment, specifically by using objectively unreasonable force in shooting Mr. Oates to death.

45.  By the actions detailed herein, including, but not limited to: using excessive force, Defendant Sands deprived Plaintiff of his rights under the Constitution including, but not limited to, freedom from excessive force; freedom from deprivation of liberty without due process of law; freedom from abusive power by law enforcement officers; and freedom from summary punishment.

46.  Plaintiff has a right to be from the use of excessive and unnecessary physical force to his person by the police. This right was denied Plaintiff when Defendant Officer First Class Sands knowingly used greater force than was objectively reasonable and necessary under the circumstances in effectuating what would have been an arrest for a minor misdemeanor charge that was in dispute given the fact that Mr. Oates had a receipt for merchandise from the store he allegedly took things from.

This right was further denied when Officer First Class Sands shot Mr. Oates under circumstances where Mr. Oates did not pose a physical threat to any person, was easily capable of being subdued using nonlethal force such as pepper spray, and tasering and was otherwise in a state of acute mental distress which could have been alleviated by calling medical personnel to the scene to attempt to de-escalate it.

47.   The Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain of his person, his ability to be free from unlawful and unwelcome abuse and attack by police, and his ability to live his life without summary punishment and abuse.

48.   Defendant Sands deprived Mr. Oates of numerous protected property and liberty interest protected by the Fourth Amendment to the United States Constitution, all while acting under color of State law and in the course and scope of his employment with Baltimore County as a police officer. Plaintiff's rights were denied when Defendant officers refused to use appropriate force to obtain compliance with their orders and instead shot Mr. Oates to death.

49.   The Plaintiff was afforded less process than was due under the law by Defendant Sands in depriving him of the rights stated above.

50.  By the actions detailed above, Defendant Sands deprived Plaintiff of his constitutional rights, including, but not limited to, freedom from abuse of power by those acting under color of state law and authority, freedom from excessive force by those acting under color of state law and authority.

51.  At all times relative hereto, Defendant Sands acted under color of state law and in a manner that was not objectively reasonable. Defendant Sands had a duty to insure that he used solely the amount of force necessary to effectuate an arrest or Terry stop if probable cause existed for such actions.

52.  Defendant Sands was deliberately indifferent to Plaintiff's safety and rights.

53.  As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendant Sands, Plaintiff was caused to suffer permanent physical injuries leading to death, mental anguish, humiliation, loss of enjoyment of life, inability to perform and do normal activities, economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages, past and future earning capacity, all to the great detriment of the Plaintiff.

Wherefore, demands judgment against Defendant Sands in the amount of $5,000,000.00.

<u>**COUNT V.**</u>
**(Shamaiah Manriquez v. Officer Sands)**
**Wrongful Death**

The Plaintiff, Shamaiah Manriquez, adopts and incorporates by reference the allegations in all the aforementioned paragraphs.

54.   Shamaiah Manriquez is the sister of Emanuel Oates, and therefore is a proper wrongful death beneficiary under the Maryland Code.

55. At all times relevant Officer Sands was employed by the Baltimore County as a police officer, and acted under color of State law and within the course and scope of his employment.

56.   Officer Sands deprived Mr. Oates of his life by using excessive and objectively unreasonable force by shooting him when non-lethal methods were both called for and reasonably available.

57.   Officer Sands deprived Mr. Shand of his rights with actual or implied malice, using excessive force resulting in Mr. Oates being shot to death.  This excessive force violated Mr. Oates' rights under the Fourth Amendment to the United States Constitution.

58.   At the time Mr. Oates was shot he did not pose a realistic danger to the safety of anyone around him, and was in fact in a state of emotional disturbance which could have been

easily calmed given the right tactics, procedures or a call to the medical unit.

59.  No objectively reasonable person in a position of Officer Sands could have perceived that Mr. Oates was a realistic danger to anyone.

60.  The shooting of Mr. Oates was not privileged or otherwise justified and constituted the use of excessive force.

61.  As a result of Mr. Oates' wrongful death, Shamaiah Manriquez has sustained pecuniary loss, economic damages and loss, emotional and mental pain and anguish, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of attention, loss of life, loss of counsel, loss of training, loss of guidance, loss of education and loss of the company of a loved one.

62.  This complaint is timely filed within three years after the death of Mr. Oates pursuant to Section 3-904(g) of the Courts and Judicial Proceedings Article of the Maryland Code Annotated.

Wherefore, Shamaiah Manriquez prays for judgment against Defendant Sands, in the amount of $5,000,000.00.

**COUNT VI.**
**(Estate OF Shamaiah Manriquez v. Officer Sands)**
**Survival Action**

Plaintiff adopts and incorporates by reference, all the above allegations as if fully stated herein.

63. Shamaiah Manriquez is a personal representative of the Estate of Emanuel Oates, having been duly appointed by the Register of Wills in Prince George's County, Maryland.

64. Shamaiah Manriquez as personal representative of the Estate of Emanuel Oates, brings a survival action pursuant to Section 7-401 of the Estates and Trust Article of the Annotated Code of Maryland and brings claim for the conscious pain, suffering, anguish, reasonable and necessary medical expenses, inconvenience and discomfort, the amount of money that Plaintiff's decedent would have accumulated over the normal expected life time, and other economic and non-economic expenses, losses and damages sustained by Plaintiff's decedent, as allowed, under the Maryland Survival Statute.

65. As a direct and proximate result of the negligent, gross and negligent and objectively excessive forceful actions of the defendant as set forth in the paragraphs above for which Mr. Oates would have been able to maintain an action against defendant had he lived, Ms. Manriquez brings claim in his name under the survival statute.

66.   At all relevant times, Officer Sands was employed by the Baltimore County as a police officer and acted under color of State law and within the course and scope of his employment.

67.   Officer Sands deprived Mr. Oates of his life by using excessive and objectively unreasonable force in shooting Mr. Oates under circumstances that did not justify that level of force.

68.   At the time he was shot by Officer Sands, Mr. Oates did not pose a threat to any person around him.

69.   The shooting of Mr. Oates was not privileged or otherwise justified and constituted excessive force by Officer Sands acting under color of State law.

70.   As an actual and proximate result of the above wrongful acts, Plaintiff is entitled to:

a) decedent's emotional and physical pain and suffering;

b) decedent's total estimated future earning power less his estimated costs of personal maintenance in support as beneficiary;

c) decedent's loss of retirement or Social Security income;

d) decedent's other financial losses suffered as a result of his death;

e) decedent's loss of pleasure and enjoyment of life;

f) such other damages as are recoverable in a survival

action.

71.   Emanuel Oates sustained all of the above mentioned losses as a direct and proximate result of Defendant Sands' use of excessive force in violation of the Fourth Amendment of the United States Constitution. An actual and proximate result of Defendant's use of excessive force, Emanuel Oates lost his life.

Wherefore, the Estate of Emanuel Oates, through its personal representative, prays for judgment against Defendant City of Hyattsville in the amount of $5,000,000.

Respectfully submitted,

RENSIN & ROSENSTEIN, LLP

/s/
DARRAGH L. INMAN (27163)
Rensin & Rosenstein, LLP
6200 Baltimore Avenue Ste.400
Riverdale, Maryland 20737
(301) 864-4200
inman@r-rlaw.com

## **JURY DEMAND**

Plaintiff, through counsel, requests a trial by jury as to all counts so triable.

Respectfully submitted,

RENSIN & ROSENSTEIN, LLP

/s/
DARRAGH L. INMAN (27163)
Rensin & Rosenstein, LLP
6200 Baltimore Avenue Ste.400
Riverdale, Maryland 20737
(301) 864-4200
inman@r-rlaw.com