**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| ESTATE OF EMANUEL DAVID JOSHUA OATES, C/O SHAMAIAH MANRIQUEZ, PERSONAL REPRESENTATIVE, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Civil Case No.: GLS-20-2074** |
| | ) |
| OFFICER FIRST CLASS SANDS and OFFICER FIRST CLASS WAUGH, | ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a "Motion to Exclude" the testimony of Captain Joseph Perez, which was filed by Defendant Officer Sands and Defendant Officer Waugh ("Motion in Limine"). (ECF No. 38).  Plaintiff has filed a "Response in Opposition to Motion in Limine" ("Opposition), (ECF No. 40), and Defendants have filed a Reply to Plaintiff's Opposition, (ECF No. 41). However, as set forth more fully herein, the Court defers ruling on the admissibility of Capt. Perez's testimony until after a *Daubert* hearing can be held.

**I.    BACKGROUND**

On December 1, 2021, Defendants filed a "Partial Motion to Dismiss and Motion for Summary Judgment."  (ECF No. 34).  Plaintiff filed an Opposition, appending the affidavit of Captain Joe Perez ("Captain Perez").  (ECF No. 36).  Plaintiff appears to rely on this affidavit to persuade the Court not to grant summary judgment.  As set forth in the memorandum opinion issued by this Court denying summary judgment, the Court did not rely upon Capt. Perez' testimony to make its ruling.  (ECF No. 43).

## II.    LEGAL STANDARDS

Pursuant to Federal Rule of Evidence 104(a), a court is responsible for determining "preliminary questions concerning the qualification of a person to be a witness" and "admissibility of evidence," including the admissibility of expert testimony under Federal Rule of Evidence 702. With regard to expert testimony, the party seeking admission of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *Maryland v. Dent*, Crim. No. ELH-18-360, 2019 WL 1795531, at *1 (D. Md. April 23, 2019) (citing, *inter alia*, *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 n.10 (1993)).

Federal Rule of Evidence 702 provides that expert testimony is admissible if offered by one "qualified" to offer evidence to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.  An expert is qualified to offer testimony when she or he has "sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." *Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 156 (1999) ("[N]o one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience").

Assuming that a person is qualified as an expert, his/her testimony must be admissible.  To be admissible, expert testimony must "rest[] on a reliable foundation and [be] relevant." *Daubert*, 509 U.S. at 597. Courts have an obligation to engage in a gatekeeping function as to the admissibility of evidence.  In that regard, courts must "ensure that a proffered expert opinion is 'sufficiently relevant and reliable *when it is submitted to the jury*.'" *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 282 (4th Cir. 2021) (quoting *Nease v. Ford Motor Co.*, 848 F.3d 219, 231 (4th Cir. 2017)) (emphasis in original).

As to relevance, Federal Rule of Evidence 401, evidence is relevant if it has a tendency to make a fact more or less probable than it would be without evidence and the fact is of consequence in determining the action. As to reliability, the Fourth Circuit has held that:

> *Daubert* provides four, non-exhaustive 'guideposts' to aid in the required reliability analysis: (1) whether the expert's theory or technique 'can" be (and has been) tested'; (2) 'whether the theory or technique has been subjected to peer review and publication'; (3) 'the known or potential rate of error' inherent in the expert's theory or technique; and (4) whether the expert's methodology is generally accepted in [his or her] field of expertise.

*Sardis v. Overhead Door Corp.*, *supra*, at 281 (quoting *Daubert*, 509 U.S. at 593-94).  These factors are meant to ensure that "an expert, whether basing [his or her] testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire*, 526 U.S. at 152.

## III.   DISCUSSION

If Plaintiff intends to rely upon Capt. Perez's testimony at trial, the Court must exercise its gatekeeping function to first ensure that he has the requisite skill, experience, and/or specialized knowledge to testify.  *See* Fed. R. Evid. 702(a).  Reviewing the Fed. R. Civ. P. 26(a)(2) materials submitted by Plaintiff, ECF No. 40-2, there are some details about Capt. Perez's background and experience, but not enough facts from which the Court can now conclude that he possesses the requisite qualifications to serve as an expert on excessive force.  Plaintiff must meet its burden on establishing Capt. Perez' qualifications to opine.  *United States v. Davis*, 602 F. Supp. 2d 658, 663, 681 (D. Md. 2009).

Next, the proffered expert testimony may actually assist the jury in its role as factfinding mission.  *See* Rule 702(a).  Thus, such testimony may not impinge upon the jury's role.  Reviewing Capt. Perez's affidavit, the Court finds at least two instances where his proposed testimony strays

into the realm of interpreting facts.  (ECF No. 36-3, ¶¶ 6, 10).  This is improper.  *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993).

Furthermore, within the context of an excessive force case, the Fourth Circuit has found that "[t]estimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror."  *Kopf*, *supra*, at 377 (citing *Persinger v. Norfolk & Western Railway Co.*, 920 F.2d 1185, 1188 (4th Cir. 1990)).  Where an expert's only relevant testimony involves opinions as to the reasonableness of a use of force, such testimony risks "supplant[ing] a jury's independent exercise of common sense."  *Kopf*, 993 F.2d at 377; *Clem v. Corbeau*, 98 F. App'x 197, 201 (4th Cir. 2004) (upholding exclusion of expert testimony, where only relevant testimony involved opinions as to the reasonableness of the use of force); *see Porter v. Prince George's County, Maryland*, Civ. No. DKC-06-1964, 2007 WL 9782627, at *2-*3 (D. Md. Sept. 12, 2007) (excluding expert testimony at summary judgment stage where testimony simply asserted legal conclusions as to the reasonableness of an officer's use of force).  Indeed, "expert testimony that provides little information besides how the verdict should read is generally unhelpful and may be excluded."  *Porter*, 2007 WL 9782627, at *3 (citing *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002).

However, the Fourth Circuit has also held that the use of specialized tools--e.g., "handcuffs, a gun, a slapjack, mace"-- could potentially open the door to relevant and helpful testimony by experts on the prevailing standards of conduct for the use of such specialized tools.  *Kopf*, 993 F.2d at 379; *see also United States v. Mohr*, 318 F.3d 613, 624-25 (4th Cir. 2003) (court did not abuse its discretion in permitting rebuttal expert testimony that the officer's use of her police dog was not in accord with prevailing police practices).

Here, the Court finds that additional information is necessary related to the precise subject matter and scope of Capt. Perez' proposed testimony in order to determine its relevance.

Finally, this Court must ensure that Capt. Perez's methodology is reliable and that he reasonably applied that methodology to specific facts.  Fed. R. Evid. 702(c), (d).  *See Sardis.*, 10 F.4th at 282-83.

## IV.   CONCLUSION

In sum, the Court hereby defers final ruling on the Motion in Limine, ECF No. 38, in until after a *Daubert* hearing.

The Court will contact the parties to schedule the hearing.

Dated:  September 22, 2022

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge